WILLIAM E. R. SMITH, proponent-appellant,

v.

ELIZABETH HAINES, EDITH J. ADAMS, GEORGE McM. GODLEY, CARRIE R. SCHOLFIELD, CHARLES P. SCHOLFIELD, THE COLLEGE BOARD OF THE PRESBYTERIAN CHURCH OF THE UNITED STATES, WILLIAM H. HULICK, legatees, and RANDOLPH RODMAN, named in said will as executor, whose name was obliterated, and HARRY G. RUNKLE, respondents.

[Argued March 16th and 17th, 1916.   Decided June 19th, 1916.]

William Runkle's will was dated May 11th, 1912; a codicil thereto was dated April 29th, 1913.   The testator died January 31st, 1914. His will and codicil were in an envelope endorsed in testator's handwriting, "Last will and testament of William Runkle;" by direction of the testator to his secretary, she gave the envelope to William E. R. Smith, after testator's death.   The will showed that the name "Wm. E. R. Smith" had apparently been written over an erasure of the name "Randolph Rodman," the word "East" over an erasure of the word "South." On the margin of the paper was written, "Wm. E. R. Smith to be executor."   The intention of the testator being clear, the court will lay hold of slight circumstances to give legal effect to such intention.—*Held,* in this case, that letters testamentary should be issued to William E. R. Smith, as executor, and not to Randolph Rodman, the alteration having been made before the execution of the codicil.

On appeal from a decree of the prerogative court, reported in *97 Atl. Rep. 296.*

*Messrs. Church & Harrison,* for the proponent-appellant.

*Messrs. McCarter & English, Mr. Jehiel G. Shipman, Mr. Charles B. Storrs, Messrs. Condict, Condict & Boardman, Messrs. Lum, Tamblyn & Colyer, Mr. William Huck, Jr.,* and *Messrs. Griggs & Harding,* for the respondents.

The opinion of the court was delivered by

BLACK, J.

In this case, the orphans court of Essex county admitted to probate, the will and codicil of William Runkle, with the name of Randolph Rodman as executor, excluding William E. R. Smith as executor. This decree was affirmed, on appeal, by the prerogative court. We think this part of the decree should be reversed; the will and codicil should be admitted to probate with the name of William E. R. Smith as executor. The facts, in brief, are: William Runkle, of East Orange, died on the 31st day of January, 1914; his last will and testament was dated May 11th, 1912; a codicil thereto was dated April 29th, 1913. The will and codicil are each in the handwriting of the testator. They were in his custody immediately prior to his death, folded together, and enclosed in a large unsealed envelope, endorsed in his own handwriting, "Last Will and Testament of William Runkle." Immediately after his death, and pursuant to instructions given by the testator himself, the envelope containing the will and codicil was delivered to William E. R. Smith, by Miss Tully, the testator's secretary. Mr. Smith promptly filed them in the surrogate's office, in precisely the same condition as they were when he received them. The will, on its face, in item twenty-eighth, on page 11, shows, in the testator's handwriting, that he wrote the name "Wm. E. R. Smith" over an apparent erasure. On the same line, also, over an erasure, he wrote the word "East." On the margin of the paper was written, "Wm. E. R. Smith to be executor." A photographic enlargement of this portion of the will, admitted in evidence, shows that the name "Randolph Rodman" was originally written in the place now occupied by the name "Wm. E. R. Smith." The word "South" was written in the will, before the word "East" was interlined and inscribed over it. The obliteration was effected by chemicals. Mr. Smith's residence was in East Orange; Mr. Rodman's residence was in South Orange. As stated above, the orphans court of Essex county held, that the erasure of the name Randolph Rodman, and the substitution of the name "Wm. E. R. Smith," is invalid and nugatory; that Randolph Rodman

15

is legally entitled to the appointment as executor. The issuance of letters testamentary was made to him. The decree of the orphans court of Essex county was affirmed by the prerogative court, for the reasons stated by the orphans court of Essex county. The reasons for admitting the will and codicil to probate by the orphans court are set forth in a strong, lucid opinion by Judge Martin, supported by a wealth of citations.

The dominant point on this branch of the case, in Judge Martin's opinion, is in these words: "There is nothing in the evidence, not even a suggestion, or a scintilla of evidence, to show when this alteration was made. * * * The proponent has failed to sustain the burden of 'proof to show that the name William E. R. Smith was written in prior to the execution of the codicil." With this conclusion of the learned trial judge we cannot agree. It is demonstrated, if not conceded, that it was the intention of Mr. Runkle to have Mr. Smith as his executor. There is no mistaking the actual intent of the testator. In that situation, the courts will lay hold of slight circumstances to carry into legal effect, the will of the testator. This thought runs through the entire legal literature, applicable to the construction of wills. Stress is placed by Judge Martin, in the orphans court, upon the testimony of Mr. Kinsley, the expert witness in handwriting, as to the pen and ink used in writing the name of "Wm. E. R. Smith," compared with those used on pages 1 and 2 of the will and those used in the body of the will, from pages 3 to 12. The court found that the pen and ink used were different from the remainder of the will and codicil, which apparently were influential factors, in the conclusion reached by the orphans court. Mr. Kinsley, however, when the testimony is analyzed, said that the name "Wm. E. R. Smith" and the word "East" are in a dark ink, that resembles somewhat ink No. 1, being the ink used in writing the first and second pages of the will, although he would not say it is ink No. 1. He could not say, definitely, whether it is ink No. 1 or a different ink. From this testimony proponents draw the conclusion, that when, the inks are so similar, that a professional expert cannot point out any difference, it is a fair inference that they are the same. So, in reference to the testimony, as to the pens used. The fact that

Mr. Runkle made a codicil nearly a year after the date of the will shows, that he knew that to make a change in his will he had to re-execute the will, or make a codicil, and that a codicil would re-execute the will and validate any changes in it. It would, therefore, seem to be inferable that he would not attempt to change his will by any less formal method than a codicil. The evidence regarding Mr. Smith's appointment as executor couples it to the first two pages of the will. Inferentially, the same pen and ink were used, and the latter being upheld, as executed before the codicil, the former should be also. It seems hardly necessary to pursue this line of argument further in detail. The conclusion, which we have reached from all the circumstances, is, that the reasonable probabilities are to the effect that Mr. Smith's name was inserted before the execution of the codicil by the testator. Letters testamentary should be issued to William E. R. Smith, reversing that part of the decree which directs the letters to be issued to Randolph Rodman. The view which we have taken renders it unnecessary to consider the mooted point, argued at length in the briefs of counsel, as to the presumptions of unexplained alterations in a will, whether made before or after execution, on which point we express no opinion.

Nor is it necessary to discuss the doctrine of dependent relative revocation. That doctrine is hardly applicable, to the substitution of one name in place of another as executor.

The decree of the prerogative court, affirming the decree of the orphans court of Essex county, issuing letters testamentary to Randolph Rodman, as executor of the last will and codicil of William Runkle, deceased, is reversed and remanded to the orphans court of Essex county, to enter a decree in accordance with this opinion, and to issue letters testamentary to William E. R. Smith as executor.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER—14.