ESSEX COUNTY ORPHANS COURT.

In the matter of the probate of the last will and testament of
ERNEST C. KLIPSTEIN, deceased.

**Wills—Revocation—Statute Requires that Revocations Shall be
Executed in Same Manner as Wills are Executed—In Instânt
Case this was not Done.**

*Mr. Charles B. Clancy, Mr. Julian J. Gregory* (on the
brief), proctors for proponent.

FLANNAGAN, J.

Ernest C. Klipstein died a resident of Essex county, on the
29th of April, 1923, and his alleged will having been pre-
sented to the surrogate for probate has been certified by him
to this court on the ground that doubts appear on the face
of the instrument.

The instrument in question contains an attestation clause
which recites facts which, if true, establish the proper exe-
cution of the will. Both the witnesses are dead but their
signatures have been proved, and it is presumed that the
recitals in the attestation clause are true. *Mundy* v. *Mundy,
15 N. J. Eq. 290; In re Gahagan, 82 N. J. Eq. 601.* Upon
this presumption the will is entitled to probate unless some
valid objection obtains.

There are several objections which present themselves and
which raise the doubts which have induced the certification
by the surrogate. The first of these objections is that at the
top of the first page, written in ink, there appears the fol-
lowing in handwriting:

"Oct. 7/1912,
This is no longer valid.
E. C. Klipstein,
E. H. Klipstein—C. L. Nicholson."

The writing E. C. Klipstein (the testator), E. H. Klipstein and C. L. Nicholson, has been proved to be the genuine signatures of these persons, but Mr. Nicholson is dead, and only E. C. Klipstein, who is the son of the deceased, remains. He testifies that he has no recollection whatever concerning the matter except that he signed his name. The question arises as to whether, under these circumstances, the writing is effective as a revocation, which it was evidently designed to be.

The statute requires that revocations shall be executed in the same manner as wills are required to be executed. *4 Comp. Stat. p. 5870.* Was this alleged revocation so executed? There is no proof that it was, and in the absence of any attestation clause no presumption arises that it was. *Vernon* v. *Vernon, 69 N. J. Eq. 759, 760, 761; In re Van Hadlyn, 83 N. J. Eq. 290; Swain* v. *Edmunds, 53 N. J. Eq. 142, 143.* This handwriting as a revocation must therefore fail.

The second objection to the probate of the will is that a line is drawn through the testator's signature subscribed to the will, and under the signature and in the testator's handwriting are the following words:

"Cancelled Oct. 7/1912,

and replaced by my will

as expressed in my letter of Jan.

13th. 1913, herewith enclosed. '

E. C. Klipstein."

On the back of the cover, also in deceased's handwriting, the following words appear:

"Cancelled,

October 7/1912,

January 15, 1913,

E. C. Klipstein."

There was no "letter of January 13th, 1913," attempting to dispose of testator's property found with his papers, but there was such a letter found therewith dated January 15th, 1913, and it is patently to this letter that deceased refers.

The dates themselves and the testimony satisfy me that these two handwritings were made substantially at the same time and were made at a later time than the handwriting at the top of the first page. These two handwritings show a purpose on the part of the testator to substitute the disposition of his property provided for in the letter for the disposition provided for in the alleged will. While they were made at a date later than the handwriting at the top of the first page, all three writings must be considered together, and while not simultaneous, I am of opinion they all three are manifestations of a continuous purpose and express a single intention, namely, the intention already indicated, to wit, to supersede the provisions of the will by the provisions of the letter. The situation presented is that of a conditional revocation, sometimes called a "dependent relative revocation." The letter cannot be effective as a will since it fails to comply with the formalities prescribed by the statute governing the execution of wills, in that it is not witnessed by two witnesses. The conditions failing the revocation must fail. The case falls within the principles enunciated by Judge Martin in *Smith* v. *Runkle, 97 Atl. Rep. 296,* and in cases cited in *Koch. N. J. Prob. Law 181.* •

While the *Runkle Case* was reversed on the facts by the court of errors and appeals on the branch of the case in which the question of conditional revocation arose (*sub. nom. Smith* v. *Haines, 98 Atl. Rep. 317*), still the principles of law applicable to conditional revocations, as stated in the opinion of the lower court, were not questioned either on the appeal in this branch of the case or on the appeals in the other branches, the latter appeals appearing under the names *Smith* v. *Runkle* and *Smith* v. *Schorfield,* in *98 Atl. Rep.* (at *pp. 1086, 1087*).

For these reasons probate will be granted.